IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Brenda M. Wible, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| AllianceOne Receivables Management, ) | 1:07-cv-0566-LJM-JMS |
| Inc., a Delaware corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Brenda M. Wible, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

3. Plaintiff, Brenda M. Wible ("Wible"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Chase Bank USA, N.A. ("Chase Bank").

4. Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), is a Delaware corporation, which acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, AllianceOne was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

**FACTUAL ALLEGATIONS**

5.  AllianceOne sent Ms. Wible an initial collection letter, dated April 4, 2007, demanding payment of a debt allegedly owed to Chase Bank. A copy of this letter is attached as Exhibit A.

6.  On April 13, 2007, at about 10:30 a.m., a debt collector from AllianceOne, "Susan", called Ms. Wible and claimed to be with the "Jones Offices" – a law firm. AllianceOne's collector, Susan, threatened to have Ms. Wible served with a summons by the Sheriff, and said that Ms. Wible would thereafter be held in jail until her court date. Moreover, the collector claimed that Ms. Wible's father would be called to testify as to her character. The debt collector then demanded payment of the entire debt by 2:00 p.m. to avoid these actions.

7.  This telephone call by Defendant AllianceOne's debt collector, Susan, greatly distressed Ms. Wible and caused her to call family and friends to try to raise the money, to avoid being arrested. Unable to raise the money, Ms. Wible called the prior debt collector who had been handling her Chase Bank account, M.R.S. Associates, and was told that the account had been sent back to Chase Bank. Ms. Wible then contacted Chase Bank and was told that the account was being handled by AllianceOne. Ms. Wible then called AllianceOne and spoke with one of its debt collector's, "Calvin", who confirmed to Ms. Wible that it was AllianceOne that had called her. Ms. Wible then

related to AllianceOne's Calvin the threats that had been made against her and the collector promised to investigate those threats.

8. Thereafter, Ms. Wible consulted an attorney, and on April 17, 2007, Ms. Wible's attorney spoke with Defendant's debt collector, Calvin, who confirmed that it was AllianceOne that had called Ms. Wible – not the Jones law office. Moreover, Ms. Wible's attorney confirmed to the debt collector the threats made by the other collector, Susan, and advised Defendant that Ms. Wible was represented by an attorney, that all further communication must take place through his office, and that she disputed the debt. The attorney then sent Defendant AllianceOne a facsimile confirming this conversation. A copy of this facsimile is attached as Exhibit B.

9. Nonetheless, despite being advised that Ms. Wible is represented by an attorney and that she disputed the debt, on April 28, 2007, a female debt collector from Defendant AllianceOne called Ms. Wible directly, and again demanded payment of the Chase Bank debt. Ms. Wible told AllianceOne's debt collector that she was represented by counsel; AllianceOne's debt collector, however, replied that AllianceOne would continue to call Ms. Wible every day until the account was paid.

10. All of Defendant AllianceOne's collection actions, complained of in this matter, occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## False Statements

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including the use of any business, company or organization name other than the true name of the debt collector's business, see, 15 U.S.C. § 1692e(14), the false representation that an individual is an attorney or that any communication is from an attorney, see 15 U.S.C. § 1692e(3), the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer, see, 15 U.S.C. §1692e(7), and the threat to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. §1692e(5).

14. Defendant, by falsely claiming to Ms. Wible that it was an entity other than AllianceOne, by falsely claiming that it was a law firm ("the Jones Offices"), by falsely stating that Ms. Wible would be served with a summons by the sheriff, held in jail until her court date, and that her father would be called to testify as to her character if she did not pay the debt by 2:00 p.m. that same day, and by falsely claiming that it would call Ms. Wible every day until her account was paid, regardless of her representation by counsel, violated § 1692e of the FDCPA.

15. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## COUNT II
## Violation Of § 1692g Of The FDCPA –
## Demanding Immediate Payment And
## Ignoring A Dispute Of The Debt

16.    Plaintiff adopts and realleges ¶¶ 1-11.

17.    Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it. See, 15 U.S.C. § 1692g. Moreover, § 1692g(b) of the FDCPA provides that if a debt is disputed within the 30-day validation period, then the debt collector must cease all collection action until it provides verification of the debt. See, 15 U.S.C. § 1692g(b).

18.    First, although Defendant's initial April 4, 2007 collection letter contained the 30-day validation notice, Defendant's threats, made on April 13, 2007, to have Ms. Wible served with a summons and held in jail if she did not pay the entire debt by 2:00 p.m. that day, overshadowed, and thus rendered in effective, the validation notice, in violation of 1692g(a) of the FDCPA.

19.    Second, although Plaintiff timely disputed the validity of the debt and demanded verification of the debt on April 17, 2007 (Ex. B), Defendant AllianceOne ignored Plaintiff's dispute of the debt and demand for verification, and instead called Ms. Wible directly and demanded payment of the debt on April 28, 2007, in violation of 1692g(b) of the FDCPA.

20.    Defendant's violations of § 1692g of the FDCPA render it liable for damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692f Of The FDCPA --
## Unfair And Unconscionable Collection Practices

21.     Plaintiff adopts and realleges ¶¶ 1-11.

22.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

23.     Attempting to collect a debt by use of multiple false statements and the threat of imprisonment and disgrace, as well as continuing to attempt to collect a debt directly from a consumer who is represented by counsel and who has timely disputed the debt and demanded verification in writing, is an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

24.     Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

25.     Plaintiff adopts and realleges ¶¶ 1-11.

26.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

27.     Defendant knew that Plaintiff was represented by an attorney in connection with this debt because Ms. Wible's attorney both spoke with Defendant and wrote to Defendant to advise it that Ms. Wible was represented by counsel.  By directly

6

calling Ms. Wible on April 28, 2007, despite notice that she was represented by counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

28. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT V
### Violation Of § 1692d Of The FDCPA – Harassment And Abuse

29. Plaintiff adopts and realleges ¶¶ 1-11.

30. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. See 15 U.S.C. § 1692d.

31. Defendant, by threatening to have Ms. Wible served with a summons by the Sheriff, held in jail until her court date, and have her father called to testify as to her character -- all if she did not pay the debt by 2:00 p.m. that same day, and by falsely claiming that it would call Ms. Wible every day until her account was paid, regardless of her representation by counsel, engaged in conduct, the natural consequences of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

32. Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Brenda M. Wible, prays that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA;

2.	Enter judgment in favor of Mr. Wible, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.	Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Brenda M. Wible, demands trial by jury.

Brenda M. Wible

By: _____
One of Plaintiff's Attorneys

Dated: May 3, 2007

David J. Philipps	(Ill. Bar No. 06196285)
Mary E. Philipps	(Ill. Bar No. 06197113)
Bonnie C. Dragotto	(Ill. Bar No. 06286065)
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

Steven J. Halbert	(Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)